UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60280-CIV-MARRA

CLIFF ESTERSON and MARILYN
ESTERSON, Husband and Wife and on
behalf of their daughter, HOLLY
ESTERSON,

Plaintiff,

vs.

BROWARD COUNTY SHERIFF"S
DEPARTMENT, SHERIFF AL LAMBERTI,
in his official capacity as Sheriff, and
DEPUTY LISA DAMIANO,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants Broward County Sheriff's Department, Sheriff Al Lamberti and Deputy Lisa Damiano's Motion to Strike Plaintiffs' Complaint (DE 4). The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs Cliff and Marilyn Esterson, on their own and on behalf of their daughter Holly, bring a seven-count Complaint against Defendants Broward County Sheriff's Department, Sheriff Al Lamberti ("Lamberti") and Deputy Lisa Damiano ("Damiano") for the alleged wrongful shooting death of their dog, Fred. (DE 1.)  The Complaint alleges trespass to chattel against Broward County Sheriff's Department and Lamberti (count one); conversion against Broward County Sheriff's Department and Lamberti (count two); a violation of civil rights pursuant to 42 U.S.C. § 1983 against Broward County Sheriff's Department, Lamberti and Damiano (count three); denial of procedural due process pursuant to 42 U.S.C. § 1983 against

Broward County Sheriff's Department, Lamberti and Damiano (count four); a violation of the fourth amendment against Broward County Sheriff's Department, Lamberti and Damiano (count five); negligent training against Broward County Sheriff's Department and Lamberti (count six) and negligent supervision against Broward County Sheriff's Department and Lamberti (count seven).

Defendants move to strike the Complaint, claiming that the Complaint contains immaterial and scandalous material as well as "unnecessary rhetoric." (Mot. at 2.)  Furthermore, Defendants state that several paragraphs of the Complaint are impermissibly vague and that the request for attorney's fees lacks any basis of entitlement. (Mot. at 3.)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any redundant, immaterial, impertinent, or scandalous matter" within the pleadings. Fed. R. Civ. P. 12(f).  Motions to strike, however, are generally disfavored by the court. See Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991).  The reason is that courts consider striking a pleading to be a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir.1962)[1] quoting Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953); Exhibit Icons, LLC v. XP Companies, LLC, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009).

The Court has examined the Complaint in its entirety as well as the paragraphs highlighted by Defendants as examples of "redundant, immaterial, impertinent, or scandalous

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

matter." After careful review, the Court finds that the Complaint does not contain any material barred under Rule 12(f). Thus, the Court denies the motion to strike on this basis.

With respect to Defendants' claim that the Complaint is vague, the Court notes that the proper remedy for relief is Rule 12(e), not Rule 12(f). Rule 12(e) of the Federal Rules of Civil Procedure permits a party to move for "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Sisk v. Texas Parks and Wildlife Dep't., 644 F.2d 1056, 1059 (5th Cir. 1981).

The Court finds that paragraphs 21m and 89e contain vague allegations that do not permit Defendants to respond adequately. Plaintiff must specifically state the alleged negligent acts and cannot simply state that this action covers all negligent acts that "may appear during the course of discovery." (Compl. ¶¶ 21m, 89e.) Moreover, the Court finds that the portions of the Complaint that request attorney's fees without pleading a statutory basis of entitlement do not contain enough information to allow a responsive pleading to be framed. (See counts one, two, seven and paragraph entitled "vicarious liability.") Therefore, the Court will permit Plaintiff to amend the Complaint to correct these pleading deficiencies.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants Broward County Sheriff's Department, Sheriff Al Lamberti and Deputy Lisa Damiano's Motion to Strike Plaintiffs' Complaint (DE 4) is **DENIED.** To the extent the Court has construed Defendants'

Motion as a motion for a more definite statement, the motion is **GRANTED**.  Plaintiff may file an Amended Complaint **within 10 days of date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of September, 2009.

_____
KENNETH A.  MARRA
United States District Judge