UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60280-CIV-MARRA

CLIFF ESTERSON and MARILYN
ESTERSON, Husband and Wife and on
behalf of their daughter, HOLLY
ESTERSON,

Plaintiff,

vs.

BROWARD COUNTY SHERIFF"S
DEPARTMENT, SHERIFF AL LAMBERTI,
in his official capacity as Sheriff, and
DEPUTY LISA DAMIANO,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendants Broward County Sheriff's Department, Sheriff Al Lamberti and Deputy Lisa Damiano's Motion to Dismiss Counts III, IV, VI and VII of Plaintiff's Amended Complaint (DE 17).  Plaintiffs filed a response memorandum (DE 19).  No reply memorandum was filed.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs Cliff and Marilyn Esterson, on their own and on behalf of their daughter Holly, bring a seven-count Amended Complaint against Defendants Broward County Sheriff's Department, Sheriff Al Lamberti ("Lamberti") and Deputy Lisa Damiano ("Damiano") for the alleged wrongful shooting death of their dog, Fred. (DE 1.)  The Amended Complaint alleges trespass to chattel against Broward County Sheriff's Department and Lamberti (count one); conversion against Broward County Sheriff's Department and Lamberti (count two); a violation

of civil rights pursuant to 42 U.S.C. § 1983 against Broward County Sheriff's Department, Lamberti and Damiano (count three); denial of procedural due process pursuant to 42 U.S.C. § 1983 against Broward County Sheriff's Department, Lamberti and Damiano (count four); a violation of the fourth amendment against Broward County Sheriff's Department, Lamberti and Damiano (count five); negligent training against Broward County Sheriff's Department and Lamberti (count six) and negligent supervision against Broward County Sheriff's Department and Lamberti (count seven).

Defendants move to dismiss counts three and four of the Amended Complaint, claiming that these counts impermissibly assert a claim under 42 U.S.C. § 1983 for the killing of a pet. Specifically, Defendants point to several cases that have held that the killing of a pet does not give rise to a section 1983 claim premised on a violation of the procedural due process clause of the Fourteenth Amendment.  See, e.g., Brown v .Muhlenberg, 269 F.3d 205, 214 (3d Cir. 2001); Bell v. City of Louisville, No. 3:00CV-311-S, 2000 U.S. Dist. LEXIS 21674, at * 28 (W.D. Ky. Nov. 6, 2000);  Attama v. Crawley, No. C.A. 99-434, 1999 WL 387152, at * 1 (E.D. Pa. May 20, 1999).  At the same time, courts have also held that the Fourth Amendment is the proper basis upon which to analyze Plaintiffs' section 1983 claim.  See, e.g., Brown, 269 F.3d at 209; Fuller v. Vines, 36 F.3d 65, 67-68 (9th Cir. 1994), overruled on other grounds, Robinson v. Solano County, 278 F.3d 1007 (9th Cir. 2002); Bell, 2000 U.S. Dist. LEXIS 21674, at * 28.  In fact, in responding to the motion to dismiss counts three and four, Plaintiffs simply argue that "a dog is considered property for Fourth Amendment purposes" and do not contend that they seek or that the law provides any other constitutional protection. (Resp. at 1.)  Clearly, then, Plaintiffs have chosen to advance only a Fourth Amendment claim in these counts.  Thus, count four is

dismissed.  For purposes of clarity only, Plaintiff is granted leave to amend count three to assert only a Fourth Amendment claim.

Next, the Court will address Defendants' argument for dismissal of counts six and seven.  Defendants contend that the Sheriff's Office is immune from suit under the principle of state sovereign immunity law.  Indeed, the United States Court of Appeals for the Eleventh Circuit recently explained Florida sovereign immunity law in Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla, and stated that "a governmental agency is immune from tort liability based upon actions that involve its 'discretionary' functions." Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1117-18 (11th Cir. 2005) citing Lewis v. City of St. Petersburg, 260 F.3d 1260, 1266 (11th Cir. 2001).  Plaintiffs do not challenge the application of this law to the case at hand.  Instead, Plaintiffs contend that these counts are cognizable under section 1983 as failure to train and failure to supervise claims. Notably, Defendants did not file a reply memorandum to respond to Plaintiffs' argument.  As such, the Court will not *sua sponte* address the viability of these 1983 claims.  Thus, counts six and seven are dismissed only to the extent they allege state law claims.

Finally, the Court denies Defendants' request to dismiss sub-paragraphs 21h and 21i of the Amended Complaint.  Although Defendants assert that these subparagraphs could only relate to the Sheriff's Office discretionary decision-making authority, the Court finds that it is too early at this stage in the proceeding to make that determination. It is entirely possible that these allegations could relate to another count in the Amended Complaint.  The Court will, however, grant Defendants' application to strike Plaintiffs' requests for attorney's fees that fail to cite any statutory authority.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Counts III, IV, VI and VII of Plaintiff's Amended Complaint (DE 17) is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs shall file the Second Amended Complaint **within 10 days of the date of entry of this Order**. In addition, the parties are hereby ordered to file their Joint Scheduling Report **within 10 days of the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of December, 2009.

_____
KENNETH A. MARRA
United States District Judge